IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA     §
    §
VS.     §      NO. 3-11-CV-2430-D
    §      NO. 3-10-CR-0040-D(04)
TYRONE WEATHERALL     §
    §
      Defendant.     §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Tyrone Weatherall, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Punishment was assessed at 262 months confinement followed by a five-year term of supervised release. Although defendant waived his right to appeal and to seek post-conviction relief as part of the plea agreement, he appealed his conviction and sentence. The appeal was dismissed. *United States v. Weatherall*, No. 10-11184 (5th Cir. Aug. 16, 2011). Defendant now challenges his sentence in a motion for post-conviction relief.

---

[1] Defendant filed the instant motion as a petition for writ of error *audita querela*. Because relief by way of *audita querela* is unavailable where a defendant may seek redress under 28 U.S.C. § 2255, the court twice notified defendant that his petition would be recharacterized as a section 2255 motion, warned him that any subsequent section 2255 motion would be subject to restrictions on second or successive motions, and allowed him to either withdraw his motion or amend his pleading. *See* Docs. # 3 & 4, *citing Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). Defendant objected to these orders, which objections were overruled, *see* Doc. #9, but has not withdrawn or amended his original pleading.

II.

In multiple grounds, defendant contends that: (1) the court applied the sentencing guidelines in an unconstitutional manner; (2) his sentence was unreasonable; (3) there was no basis for sentence enhancements under U.S.S.G. §§ 3B1.1(a) & 3B1.4; and (4) he received ineffective assistance of counsel at sentencing. The government counters that defendant waived his right to challenge his sentence on collateral review as part of the plea agreement and that his ineffective assistance of counsel claim is without merit.

A.

The Fifth Circuit has held that a defendant may waive his right to appeal or to seek post-conviction relief as part of a valid plea agreement, "provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011), *quoting United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). A waiver is knowing and voluntary if the defendant knows he has the right to appeal his sentence and that he is giving up that right. *Id.* The defendant must also understand the consequences of the waiver. *Id.* "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *Id.*

As part of the plea agreement in this case:

> Weatherall waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. *He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.* Weatherall, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory

maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Gov't Resp. App., Exh. 1, Plea Agr. at 6-7, ¶ 11) (emphasis added).  The court questioned defendant about this waiver provision before accepting his guilty plea.  At rearraignment, the court asked:

> THE COURT:  [D]o you understand that paragraph 11 of your plea agreement, which is found at the bottom of page 6 and the top of page 7, waives your right of appeal and of postconviction challenge to your conviction and sentence, except in very limited circumstances?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  When you entered into paragraph 11 of the plea agreement, in particular, did you understand the rights that you were giving up and did you voluntarily choose to give up those rights?
>
> THE DEFENDANT:  Yes.

(*Id.*, Exh. 4, Rearraign. Tr. at 16).  This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding.  *See United States v. Samples*, No. 3-11-CV-1066-B, 2011 WL 4907315 at *3 (N.D. Tex. Sept. 15, 2011) (citing cases), *rec. adopted*, 2011 WL 4907309 (N.D. Tex. Oct. 13, 2011), *appeal filed*, Dec. 12, 2011 (No. 12-10001).  Because defendant knowingly and voluntarily waived his right to appeal or to seek post-conviction relief except on limited grounds, his sentencing claims are barred from collateral review.[2]

B.

Defendant also contends that he received ineffective assistance of counsel at sentencing.  As best the court understands this claim, defendant argues that his attorney should have objected to a

---

[2] Even if defendant was not barred by the plea agreement from raising these claims on collateral review, he would not be entitled to relief under 28 U.S.C. § 2255.  The constitutionality of the sentencing guidelines, which are advisory only, was settled by the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  To the extent defendant challenges the district court's application of the sentencing guidelines, such claims are not cognizable in a section 2255 proceeding.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

four-level enhancement under U.S.S.G. § 3B1.1(a), which applies if the defendant was an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," and a two-level enhancement under U.S.S.G. § 3B1.4, which applies if the defendant used or attempted to use a minor to commit the offense. Both arguments are without merit. In the factual resume supporting his guilty plea, defendant admitted that he was a "leader/organizer of a drug trafficking and criminal street gang called the West Side Gator Boys[.]" (*See* Gov't Resp. App., Exh. 2, Fact. Res. at 2). Based upon this admission and other evidence discovered during his presentence investigation, the probation officer reported that defendant was the leader of the drug distribution conspiracy that involved a minimum of five individuals. (*See id.*, Exh. 3, PSR at 11, ¶45 & PSR Add. at 3, ¶45). One of those individuals, Demetrius Forward, was 17 years old at the time the offense was committed. (*See id.*, Exh. 3, PSR at 11, ¶46 & PSR Add. at 3, ¶46). This information was confirmed by ATF Special Agent April Howell, who testified at sentencing that defendant recruited and armed minors, many of whom started out when they were 14 or 15 years old, to stay in "trap houses" and sell drugs in furtherance of the conspiracy. (*See id.*, Exh. 4, Sent. Tr. at 23-24). In view of this evidence, any objection by defense counsel to application of the sentencing enhancements under U.S.S.G. §§ 3B1.1(a) & 3B1.4 would have been futile. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make a meritless objection cannot be grounds for ineffective assistance of counsel).[3]

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

---

[3] To the extent that defendant argues that his attorney should have objected to a two-level enhancement under U.S.S.G. § 3B1.4 because there was no evidence that he knew one of the participants was a minor, at least six circuit courts have held that the government is not required to prove such knowledge. *See, e.g. United States v. Voegtlin*, 437 F.3d 741, 748 (8th Cir.), *cert. denied*, 127 S.Ct. 368 (2006) (citing decisions from Second, Third, Ninth, and Eleventh circuits); *United States v. Ceballos*, 302 F.3d 679, 698 (7th Cir. 2002), *cert. denied*, 123 S.Ct. 924 (2003).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   February 6, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE